IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLIVER BATTIE, JR., #02049453, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-1191-D-BK |
| | § | |
| LORIE DAVIS, Director, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

**I.   BACKGROUND**

A jury convicted Petitioner Oliver Battie, Jr. of sexual assault, and the court sentenced him to life imprisonment. *State v. Battie*, No. F12-12860-R (265th Jud. Dist. Ct., Dallas Cty., Tex., Feb. 29, 2012), *aff'd*, No. 05-14-01039-CR, 2015 WL 6000186, *1 (Tex. App.–Dallas 2015, no pet.). Subsequently, the Texas Court of Criminal Appeals denied state habeas relief without written order on the trial court's findings and dismissed his successive habeas application. *Ex Parte Battie*, No. WR-86,351-01, Doc. 15-15 (Tex. Crim. App. Feb. 15, 2017); *Ex Parte Battie*, No. WR-86,351-02, Doc. 15-17 (Tex. Crim. App. July 12, 2017).

Battie then filed the *pro se* habeas petition in this case, alleging ineffective assistance of counsel and prosecutorial misconduct. Doc. 3 at 6-12. He later filed an *Affidavit* stating that he was "a HMR patient," attended special education classes while in the free world, and that his "reading and writing and of course understanding is not that of a normal or well educated

person." Doc. 5 at 1.  Respondent argues some of Battie's claims are procedurally barred and the others lack merit.  Doc. 11.  Battie did not reply and, while he later advised that he was enclosing his wife's affidavit, no affidavit was provided with any of his pleadings.  Doc. 16 at 1.  He instead attached letters from his public defender advising him that ineffective assistance claims should be raised in a habeas application, not on direct appeal.  Doc. 16 at 2-3.

## II.  PROCEDURALLY BARRED CLAIMS

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice.  *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

### A.  Claims 1(a), (c), (d), and (f)[1] are unexhausted and procedurally-barred.

Battie does not attempt to refute the State's argument that he failed to exhaust his claims that he was denied effective assistance of counsel due to counsel's failure to (1) obtain a ruling

---

[1] For the sake of clarity, the Court adopts the summary of the grounds as set out in Respondent's answer and refers to each claim by the number provided in Respondent's answer.  Doc. 11 at 2.

on pretrial motions, (2) obtain the complainant's cell phone records, (3) interview Ashanti Jones, and (4) request a jury charge on a lesser included offense.  Moreover, a comparison of the claims raised in the instant federal petition, Doc. 3 at 6-10, with those raised in Battie's state application and brief, Doc. 15-16 at 10 & Doc. 15-16 at 24-30, supports the State's argument.  Battie's failure to exhaust state court remedies constitutes a procedural default that bars this Court from considering his ineffective assistance of counsel claims.  *Morris*, 413 F.3d at 491-92; *Ries*, 522 F.3d at 523-24.  Furthermore, Battie has not alleged or shown cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider the claims.  *See Coleman*, 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 13 (2012) ("only where a prisoner is impeded . . . in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default").

Accordingly, claims 1(a), (c), (d), and (f), which allege that counsel was ineffective for failing to (1) obtain a ruling on pretrial motions, (2) obtain the complainant's cell phone records, (3) interview Ashanti Jones, and (4) request a jury charge on a lesser included offense, should be dismissed with prejudice as unexhausted and procedurally barred.

### B. Claim 2(b) is also procedurally barred.

The state habeas court denied Battie's second prosecutorial misconduct claim as procedurally barred because it could have been, but was not, raised on direct appeal.  Doc. 15-16 at 70.  The United States Court of Appeals for the Fifth Circuit has held that the procedural rule barring consideration of record-based claims not raised on direct appeal in habeas proceedings is an adequate state ground for barring federal habeas review.  *Dorsey v. Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007) (citing *Ex parte Gardner*, 959 S.W.2d 189, 191 (Tex. Crim. App.1996,

clarified on reh'g Feb. 4, 1998).  As before, Battie fails to demonstrate cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim.  *See Coleman*, 501 U.S. at 750.  Therefore, claim 2(b), which alleges the prosecutor called Battie a monster and misstated the facts of the case, should be dismissed with prejudice as procedurally barred.

### III.    REMAINING CLAIMS LACK MERIT

A petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A petitioner bears the burden of establishing that he is entitled to relief.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt."  *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).  Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'"  *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102).  Consequently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling

was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law" (quotations and quoted case omitted; emphasis in original)).

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Failure to investigate claim fails.

Battie asserts trial counsel rendered ineffective assistance in failing "to conduct a thorough investigation." Doc. 3 at 6. He avers that "counsel's investigation consisted solely of reviewing [the] prosecutor's file" and that "counsel failed to do any meaningful preparation or investigation," such as interviewing witnesses and requesting an investigator to obtain and review the surveillance tapes from the gas station where Battie and the complainant stopped before he drove her home following the alleged assault. Doc. 6 at 6-7. However, because Battie cannot overcome the "relitigation bar," he is not entitled to relief on this claim.

Relying on trial counsel's affidavit, Doc. 15-16 at 72, the state habeas court found:

> Applicant has failed to provide any support for his allegations of ineffective assistance of counsel. He fails to show what further investigation might have shown. He has failed to show that the witnesses gave or made prior statements and what those statements consisted of. He fails to show what type of expert should have been requested by defense counsel and how the expert's testimony would have assisted his case. He fails to state what his wife's testimony would have shown or that she was available to testify.

Doc. 15-16 at 69.

In his federal petition, Battie again fails to present adequate factual support for his claim that counsel was ineffective for failing to investigate. Allegations of a counsel's failure to investigate must state with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial." *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000). Battie fails to meet this burden. *Strickland*, 466 U.S. 668, 689 (petitioner bears burden to show that his attorney's actions "fell below an objective standard of reasonableness"). He presents only broad-based speculation about what the gas station surveillance tape would show – that he and the complainant "were both out just having a good time" and that the complainant sat

in his "car listening to music and using her cell phone" while he went into the store. Doc. 3 at 7. Even if true, Battie has wholly failed to demonstrate how such evidence would have altered the outcome of the trial where the complainant testified she let Battie drive her home only because she was afraid of him. Doc. 13-15 at 42-43 (R.R. 4). Complainant testified that she also was too afraid to tell her aunt (Battie's wife) about the assault while standing next to Battie. *Id.* at 43.

Furthermore, apart from the mere mention of his wife, Battie does not identify any additional witnesses or provide evidence that any additional witness were available and willing to testify.[2] Doc. 3 at 10. He also fails to allege with specificity the substance of the missing testimony or explain how such testimony would have been favorable to his defense.

To show that counsel rendered ineffective assistance by neglecting to secure and call a lay or expert witness, the petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Battie, thus, again fails to satisfy the prejudice prong under *Strickland*. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (denying uncalled witnesses claim because petitioner failed to present affidavits from missing witnesses); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (rejecting failure to interview claim because petitioner failed to identify the witnesses not interviewed and their potential testimony).

---

[2] Battie's claim that counsel did not interview Ashanti Jones, Doc. 3 at 8, is unexhausted and procedurally barred, as noted *supra*.

In sum, Battie has not produced clear and convincing evidence to rebut the presumption of correctness afforded the state court's findings of fact. 28 U.S.C. § 2254(e)(1). He has not alleged, much less established, how further investigation, including witness interviews, would have helped his defense and ultimately affected the outcome of his trial. Thus, he has failed to satisfy the prejudice prong under *Strickland*. Because Battie has not demonstrated that the state court's decision rejecting his ineffective-assistance claim was contrary to or an unreasonable application of clearly established federal law, his claim has no merit.

### B.  Failure to impeach the complainant claim lacks factual basis.

Contrary to Battie's assertion, trial counsel cross-examined the complainant regarding her prior inconsistent statement. Doc. 13-15 at 55-56. Thus, Battie's claim that counsel was ineffective for failing to impeach the complainant lacks factual support and merit. Doc. 3, at 9-10. Consequently, Battie has failed to show that the denial of this claim was contrary to or an unreasonable application of clearly established federal law.

### C.  Prosecutorial misconduct claim likewise lacks merit.

Next, Battie contends "the prosecutor intentionally inflamed the jury by having the complainant testify that she was scared of Applicant because he had been in jail before." Doc. 3 at 12. He avers the "misconduct denied [him] . . . the Constitutional right to a fair trial." *Id.* However, Battie he fails to offer any factual or legal support for his claim, as the state habeas court found:

> [Battie] merely provides conclusory and self-supporting allegations in support of his third issue. As noted in the Court of Appeals' opinion, the complainant testified that she was afraid of [Battie] because he had been to jail before. She did not, as [Battie] alleges, state that he had been to jail for murder. Further, the jury received an extraneous offense admonition when the evidence was admitted and also in the jury charge.

Doc. 15-16 at 70.

"Prosecutorial misconduct is not a ground for [habeas] relief unless it casts serious doubt upon the correctness of the jury's verdict." See *Styron v. Johnson*, 262 F.3d 438, 449 (5th Cir. 2001). A prosecutorial misconduct claim requires a court to consider three factors: "1) the magnitude of the prejudicial effect of the [prosecutorial action]; 2) the efficacy of any cautionary instruction given by the judge; and 3) the strength of the evidence supporting the conviction." *Id*. "Only where improper prosecutorial comments substantially affect the defendant's right to a fair trial do they require reversal." *Id.*

A review of the record reveals that the complainant mentioned Battie's prior incarceration only "to explain her state of mind at the time of the sexual assault" and that "the trial court gave a limiting instruction following her testimony." *Battie*, 2015 WL 6000186, *6. Thus, the mention of Battie's prior incarceration was constitutionally harmless and his bare assertions do not establish a due process violation. See *Woods v. Johnson,* 75 F.3d 1017, 1036 n. 29 (5th Cir. 1996) ("Jurors are presumed to follow their instructions."); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("a court cannot consider a habeas petitioner's bald assertions . . . to be of probative evidentiary value"). Accordingly, Battie has not shown that the decision to deny his prosecutorial misconduct claim was contrary to, or involved an unreasonable application, of clearly established federal law.[3] Relief on this ground should be denied.

---

[3] "The evidentiary rulings of a state court will only be overridden when there is error 'so extreme that it constituted denial of fundamental fairness.'" *Prystash v. Davis*, 854 F.3d 830, 840 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 649 (2018) (quoted case omitted).

## IV.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED** on August 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE